LANGLEY & MICHAELS CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6420. Promulgated January 3, 1928.

*Warren Olney, Jr., Esq.,* and *Edwin S. Pillsbury, Esq.,* for the petitioner.

*T. M. Mather, Esq.,* for the respondent.

MARQUETTE: This proceeding is for the redetermination of a deficiency in income and profits tax for the year 1920 in the amount of $2,287.43. Only so much of the deficiency is in controversy as arises from the exclusion from the petitioner's invested capital of certain promissory notes given to the petitioner in payment for shares of its capital stock.

FINDINGS OF FACT.

The petitioner is and was during the year 1920 a California corporation engaged in the wholesale drug business at San Francisco. Its outstanding capital stock during the year 1920 was of the par value of more than $1,200,000, of which more than 66 per cent was owned by Henry Michaels and his son, C. F. Michaels.

On January 2, 1920, the petitioner's board of directors adopted the following resolution:

RESOLVED, that the president and the secretary of this corporation, LANGLEY & MICHAELS COMPANY, be and they are hereby authorized and empowered, in their discretion, to issue shares of the common capital stock of this corporation to any employee or stockholder thereof at not less than par nor more than the book value of each share on the thirty-first day of December next preceding said date of sale, less the amount of dividends declared on each of said shares subsequent to said date. The president and secretary are hereby authorized to accept the promissory note of the purchaser in substantially the form set out in the following agreement as full or part payment for any shares of such common capital stock, sold as aforesaid. Any certificate of stock so issued, however, must be endorsed by the party to whom issued and deposited with C. F. Michaels as escrow—holder upon the terms and conditions set forth in the following form of agreement.

Pursuant to the resolution of January 2, 1920, the petitioner issued on that date 950 shares of its capital stock to the persons, in the amounts, and for stated considerations, as follows:

| | Shares | Amount |
|---|---|---|
| W. L. Pattiani, treasurer | 100 | $12,397.00 |
| W. G. Baudoin, department manager | 100 | 12,397.00 |
| W. F. Terry, cashier | 100 | 12,397.00 |
| B. H. Sellinger, export manager | 100 | 12,397.00 |
| E. S. Fitzgerald, sales manager | 100 | 12,397.00 |
| F. T. Norton, secretary | 100 | 12,397.00 |
| R. C. Fox, traveling salesman | 50 | 6,198.50 |
| D. A. Olsen, traveling salesman | 50 | 6,198.50 |
| J. T. Hanna, inside salesman | 50 | 6,456.50 |
| W. W. Taylor, inside salesman | 50 | 6,456.50 |
| E. H. Wylley, superintendent | 50 | 6,456.50 |
| F. J. Salter, office manager | 50 | 6,456.50 |
| R. Weber, outside salesman | 50 | 6,456.50 |
| | 950 | 119,061.50 |

In payment for the stock so issued to them the persons named gave to the petitioner on the same date their promissory notes in the aggregate amount of $119,061.50. The petitioner credited the amount of the notes to capital and surplus, $95,000 to capital and $24,061.50 to surplus, and a charge of the same amount was made to bills receivable. The promissory notes were payable in 10 monthly installments, with interest at the rate of 5 per cent per annum, and all of them, except two on which there is an aggregate balance due of $4,437.95, have been paid in full of principal and interest. Dividends, including two stock dividends, have been paid on the stock, but the payment of the dividends was entirely disconnected from and bore no relation to payments on the notes.

The persons named to whom the petitioner's capital stock was issued pursuant to the resolution of January 2, 1920, were old and faithful employees of the petitioner of from 15 to 41 years of service and included the petitioner's secretary, its treasurer and certain salesmen and department managers. Their financial responsibility and solvency was known to the petitioner's officers and the promissory notes which they gave to the petitioner in payment for the shares of stock were considered to be and were worth their face value.

When the certificates for the 950 shares of stock mentioned were issued they were immediately endorsed by the employees to whom they were issued and deposited with C. F. Michaels in accordance with the. agreement of purchase, which provided that the stock certificates should be held in escrow by Michaels, and that if and when any of the stockholders should cease to be employed by the petitioners, his shares of stock should revert to the petitioner upon his being paid therefor in cash, the book value of the stock as of December 31 of the preceding year, less any dividends paid subsequent thereto. The following recital is found in the opening paragraph of the escrow agreement:

Whereas the stockholder has concurrently herewith purchased from the company *and is now the owner of fully paid* shares of its common capital stock evidenced by certificate No. ———. * * *

The rights of the stockholders to vote their stock, their right to share in the dividends and the other incidents of ownership, were not restricted by the escrow agreement and it especially provided that the stockholders should be liable to assessment and calls upon their stock.

The petitioner in its income and profits-tax return for the year 1920 included in invested capital the face value of the notes mentioned. The respondent, however, excluded the amount of said notes

in excess of the amount of the cash installments which were paid to the petitioner on the notes during the taxable year.

> *Judgment will be entered for the petitioner on the issue raised on 15 days' notice, under Rule 50.*

Considered by PHILLIPS and MILLIKEN.